**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MARTHA BEATRIZ ZAMORA HUERTA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **CAUSE NO. EP-26-CV-223-KC** |
| **v.** | § | |
| | § | |
| **MARY DE ANDA-YBARRA, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER & PREVENTING PETITIONER'S REMOVAL FROM THE COUNTRY & DISTRICT**

On this day, the Court considered Martha Beatriz Zamora Huerta's Petition for a Writ of Habeas Corpus, ECF No. 1. Zamora Huerta is detained at Camp East Montana in El Paso, Texas. *Id.* ¶¶ 3, 63. She argues that her detention is unlawful and asks the Court to order her release or a bond hearing. *Id.* ¶¶ 72–103; *id.* at 28. She also asks that Respondents be prevented from transferring her outside the District. *Id.* at 28.

Zamora Huerta entered the country in 2021, was granted deferred action, and subsequently released. *See id.* ¶¶ 1, 59–60. On January 10, 2026, Zamora Huerta was arrested by immigration authorities in Minnesota and detained. *Id.* ¶¶ 2, 61. As alleged, her case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–688 (W.D. Tex. 2025). Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected. Absent new authority, they may assume that the Court's position on the law

has not changed and explain whether the facts of Zamora Huerta's case warrant a different outcome.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by **no later than February 5, 2026**, why the application for a writ of habeas corpus should not be granted. *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED**, under the Court's inherent authority to preserve and assess its own jurisdiction, that Respondents **SHALL NOT** (1) remove or deport Zamora Huerta from the United States, or (2) transfer Zamora Huerta to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 29th day of January, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE