IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MARTHA BEATRIZ ZAMORA HUERTA, § § § | |
| Petitioner, § § | CAUSE NO. EP-26-CV-223-KC |
| v. § § | |
| MARY DE ANDA-YBARRA, et al., § § § | |
| Respondents. § | |

## ORDER

On this day, the Court considered Martha Beatriz Zamora Huerta's Petition for a Writ of Habeas Corpus, ECF No. 1. Zamora Huerta is detained at Camp East Montana in El Paso, Texas. *Id.* ¶¶ 3, 63. She argues that her detention is unlawful and asks the Court to order her release or a bond hearing. *Id.* ¶¶ 72–103; *id.* at 28.

Zamora Huerta entered the country in 2021, was granted deferred action, and subsequently released. *See id.* ¶¶ 1, 59–60. On January 10, 2026, Zamora Huerta was arrested by immigration authorities in Minnesota and detained. *Id.* ¶¶ 2, 61. In its Show Cause Order, ECF No. 3, the Court noted that, "[a]s alleged, [Zamora Huerta's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Zamora Huerta's case warrant a different outcome." *Id.* at 2.

Respondents concede "that prior rulings within this District concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case." Resp. 1, ECF No. 4.

As for Respondents' brief recitation of its arguments to "preserve the legal issues," the Court has already rejected every legal argument raised in the Response. *Compare* Resp. 1–4, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 2025 WL 2691828, at *1–13.

As Respondents acknowledge that this case is materially indistinguishable from this Court's prior decisions, it follows that the same result is warranted here. Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Zamora Huerta's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, **on or before February 13, 2026**, Respondents shall either: (1) provide Zamora Huerta with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Zamora Huerta's continued detention; or (2) release Zamora Huerta from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before February 13, 2026**, Respondents shall **FILE** notice informing the Court whether Zamora Huerta has been released from custody. If Zamora Huerta has not been released from custody, Respondents shall inform the Court whether

---

[1] The relevant facts are undisputed, *see generally* Resp., and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**There will be no extensions of the February 13, 2026, deadlines**.

**SO ORDERED**.

**SIGNED** this 6th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3